OPINION
{¶ 1} Appellant AFK Building Systems, LLC entered into a contract with appellee Tim Cottrill to construct a metal commercial building. The contract called for the installation of four metal overhead doors, each of which were opened and closed by an electronic operator.
 {¶ 2} After the building was completed by appellant, appellee experienced problems with the overhead doors. The problems with the doors included friction marks, obvious metal wear and fatigue, and loud banging noises while the door was being operated.
 {¶ 3} On March 5, 2001, appellant filed the instant action against appellee claiming breach of contract, unjust enrichment, and money due on an account. Appellant claimed that appellee owed $11, 377 for completion of the building. Appellee filed an answer and counterclaim, alleging breach of contract regarding installation of the doors, and requesting $10,000 in damages.
 {¶ 4} The case proceeded to trial in Fairfield Municipal Court. Marshall Frankel testified as an expert witness for appellee regarding the installation of the doors. Mr. Frankel testified that the doors were defectively installed. He testified that he observed scars on the doors, indicating improper rubbing, friction, and metal wear and fatigue. He observed jerking, jumping movements of the door while it was being opened and closed, and poor welding of the doors and the door opening mechanism. For safety reasons, Mr. Frankel testified that the doors must be taken down and replaced or repaired. He testified that the reasonable cost to repair the doors was $9140, while the doors could be replaced with comparable doors for $8320.
 {¶ 5} Following bench trial, the court concluded that appellee owed appellant $6865 on the contract, before considering the issues concerning improper installation of the overhead doors. The court concluded that appellant failed to complete its contractual obligations in a proper and workmanlike manner with regard to the overhead doors, and therefore allowed $8320 on the counterclaim for replacement of the doors. The allowance for the doors resulted in a net judgment to appellee in the amount of $1455. The court entered judgment in favor of appellee in this amount.
 {¶ 6} Appellant assigns a single error on appeal:
 {¶ 7} "The Trial Court's Judgment In Favor Of Appellee, Tim Cottrill, Is Not Supported By Sufficient Evidence And Is Against The Manifest Weight Of The Evidence."
 {¶ 8} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court. C.E. Morris Company v.Foley Construction Company (1978), 54 Ohio St.2d 279.
 {¶ 9} Appellant's argument focuses solely on the testimony of Marshall Frankel. Appellant argues that Mr. Frankel had a financial interest in the outcome of the case, as he hoped to get the contract from appellee to replace the overhead doors. Appellant also argues that Mr. Frankel had never installed the type of door that was installed in the instant case, and his experience in installing commercial doors consisted only of three installations. Appellant argues that Mr. Frankel had no formal education or training for the installation of commercial doors, and was unable to identify any learned treatises, reference books, or documentation as to the proper installation of the doors. Appellant also argues that Mr. Frankel could not testify as to industry standards with regard to installation of the doors, and did not know what the manufacturer required as far as installation of the specific door used in the building. Mr. Frankel had no formalized training in welding, and inspected the doors fifteen months after they were installed.
 {¶ 10} Most of the arguments made by appellant concerning the testimony of Marshall Frankel relate to his qualifications to testify as an expert. Appellant failed to object to the testimony of Mr. Frankel, failed to object to his qualification as an expert, and failed to move to strike his testimony. Appellant has therefore waived most of the issues of which it now complains.
 {¶ 11} Frankel's testimony provided the court with competent, credible evidence concerning installation of the doors. He testified that he observed scars on the doors, which indicated improper rubbing, friction, and metal wear and fatigue. He observed jerking and jumping movements while the door was opened and closed, and poor welding of the doors and door opening mechanism. Mr. Frankel testified that he was concerned for his safety while examining the door during its operation. He testified that the doors were improperly installed, and must be either replaced or repaired. While he testified he would take the contract to replace the doors if offered to him, there is nothing in the record to indicate that at the time of trial, he had direct financial interest in the outcome of the case. The judgment is not against the manifest weight of the evidence.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment of the Fairfield County Municipal Court is affirmed.
By Gwin, P.J., Wise, J., and Boggins, J., concur manifest weight — breach of contract